# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALEAK ROBERT CHANDLER** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 24-cv-3502** |
| | : | |
| **MICHAEL PITTARO,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                **September 10, 2024**
**United States District Judge**

*Pro se* Plaintiff Waleak Robert Chandler, a pretrial detainee currently housed at Northampton County Prison, asserts claims pursuant to 42 U.S.C. § 1983 against Defendants associated with the prison. The claims relate to the conditions of confinement to which Chandler was subjected while placed in segregated housing. Chandler seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Chandler leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. Chandler will be permitted to file an amended complaint.

## I.      FACTUAL ALLEGATIONS[1]

Chandler names the following Defendants in his Complaint: (1) Michael Pittaro, New Director of Corrections; (2) James C. Kosturo, Director of Corrections; (3) David J. Penchishen, Warden of Northampton County Prison; and (4) Mark Bartholomew, the Deputy Warden of

---

[1] The facts are taken from Chandler's Complaint (ECF No. 2), which consists of the Court's standard form complaint and one additional handwritten page containing the bulk of Chandler's factual allegations. The Court adopts the pagination supplied by the CM/ECF docketing system.

Northampton County Prison.  (Compl. at 1-3 (ECF No. 2).)  All Defendants are sued in both their official and individual capacities.  (*Id*. at 2-3.)

Chandler alleges that from July 2023 until July of 2024, he and "several other inmates" were "subjected to discrimination and cruel and unusual punishment" after "being placed in detention segregation and administrative segregation."  (Compl. at 5.)  He also alleges an assortment of complaints about the conditions of his confinement in segregation, such as that he and other inmates were subjected to the "constant use of obsessive force"; "lack of cleanness in cells, showers, and inside rec areas"; "little or no ventilation"; cells without sprinkler systems; indoor only recreation time; constant screaming, yelling, and banging by special needs inmates; and 24-hour lighting.  (*Id*.)  Chandler also alleges that while in segregated housing, he was denied "family and friends communication," denied programs and reading materials, and denied the "ability to practice [] religion freely."  (*Id*.)  Chandler states that only having recreation time inside and "in a cage" is a violation of the Clean Air Act.  (*Id*.)  Based on these allegations, Chandler asserts constitutional claims and seeks money damages.  (*Id*. at 6.)

## II.    STANDARD OF REVIEW

The Court grants Chandler leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[2] Because he is a prisoner, Chandler will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Chandler is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Chandler asserts constitutional claims against Defendants under § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.    Claims Brought on Behalf of Other Inmates

Chandler alleges that he and "several other inmates" were subjected to unconstitutional

conditions while housed in segregated housing.  (Compl. at 5.)  To the extent that Chandler seeks

to bring claims on behalf of other inmates, he is unable to do so.  Under 28 U.S.C. § 1654,

parties "may plead and conduct their own cases personally or by counsel" in the federal courts.

Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel

to do so.  *See Osei-Afriyie v. Med. Coll. of Pa*., 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory

right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her

own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc*., 906 F.2d 59, 61 (2d

Cir. 1990))).  Although an individual may represent himself *pro se*, a non-attorney may not

represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ*., 161 F.3d 225,

232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a

venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v.

Parma City Sch. Dist*., 550 U.S. 516 (2007).  Accordingly, any claim Chandler seeks to assert on

behalf of other inmates at Northampton County Prison must be dismissed.

> ### B.      Official Capacity Claims

Chandler asserts claims against all four Defendants in both their official as well as their

and individual capacities.  (*See* Compl. at 2-3.)  Claims against municipal officials named in their

official capacity are indistinguishable from claims against the municipality that employs them,

here Northampton County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-

capacity suits . . . 'generally represent only another way of pleading an action against an entity of

which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436

U.S. 658, 690 n.55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity."  *Id.*    Nonetheless, a municipality such as Northampton

County is not vicariously liable under § 1983 for the actions of its employees.  *See Connick v.

*Thompson*, 563 U.S. 51, 60 (2011) (holding that local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." (emphasis in original)).  Rather, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or a custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries."  *Id*. (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  General allegations that simply paraphrase the standard for municipal liability do not support a plausible claim.  *See Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021).

Chandler has failed to allege facts that support official capacity claims against the named Defendants.  He has not alleged a municipal policy or custom with respect to the alleged constitutional violations or that any such policy or custom caused the alleged constitutional violation.  Accordingly, the official capacity claims are not plausible and will be dismissed.

## C.    Individual Capacity Claims

The Court understands Chandler to assert Fourteenth Amendment claims against Defendants based on allegations that he was subjected to unconstitutional conditions of confinement while detained in segregated housing.  Although Chandler states in his Complaint that he asserts Eighth Amendment claims (*see* Compl. at 3), because Chandler was a pretrial

detainee when the events described in the Complaint occurred, the Eighth Amendment is not applicable.[3]  Instead, Chandler's claims fall under the Due Process Clause of the Fourteenth Amendment.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees).  However, courts have determined that the rights afforded pretrial detainees under the due process clause are at least as great as those afforded by the Eighth Amendment. *See Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991).  Therefore, courts analyzing cases by pretrial detainees apply the same deliberate indifference standard that applies in Eighth Amendment cases.  *Id.*

        To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*) ("[A] court must determine whether the conditions complained of were imposed for the purpose of punishment or whether it is merely incidental to a legitimate governmental objective.").  In that regard, a "particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of

---

        [3] Chandler also cites to the Fourth and Sixth Amendments.  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  The Sixth Amendment provides certain rights to criminal defendants during their criminal prosecution, such as the rights to counsel, a speedy and public trial, and an impartial jury, among others.  U.S. Const. Amend. VI. There are no allegations in Chandler's Complaint that support a plausible Fourth Amendment or Sixth Amendment claim.  Accordingly, to the extent he intended to assert Fourth and Sixth Amendment claims, those claims will be dismissed.

that purpose." *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)), *abrogation on other grounds recognized by Fisher*, 2024 WL 3820969; *see also Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017).  Only conditions of confinement that "cause inmates to endure such genuine privations and hardship over an extended period of time" violate the Fourteenth Amendment.  *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal quotations omitted).

Chandler's Fourteenth Amendment claims are undeveloped and therefore not plausible as pled.  In his Complaint, Chandler lists an assortment of issues about the conditions he endured while placed in segregated housing.  However, he provides no details about those conditions, including when each occurred and who was involved.[4]  Significantly, Chandler does not allege how any of the four named Defendants – Pittaro, Kosturo, Penchishen, or Bartholomew – were personally involved in subjecting him to the conditions he endured while placed in segregated housing.  To the extent that Pittaro, Kosturo, Penchishen, or Bartholomew are named as Defendants simply due to their high-ranking positions in the Northampton County Department of Corrections, this is not sufficient to state a plausible claim.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *see also Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) (noting that generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or agency are insufficient to allege personal involvement in an underlying constitutional violation).  Pleading that a group of individuals violated his rights, without specifying what each

_____

[4]  While Chandler states that the events giving rise to his claim occurred between July 20, 2023 and July 3, 2024, he does not give specific periods during which each of the alleged conditions prevailed.

individual did or did not do that violated his rights, is insufficient to put a defendant on notice of the conduct with which he is charged and does not state a plausible claim.  *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Moreover, to the extent that Chandler's claims against Pittaro, Kosturo, Penchishen, or Bartholomew are based on how they handled or responded to his grievances, the claims are also not plausible.  Generally, claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process."  *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*).  Accordingly, Chandler's Fourteenth Amendment claims against Pittaro, Kosturo, Penchishen, or Bartholomew based on the conditions of his confinement while in segregated housing are not plausible and will be dismissed.

Chandler also alleges in conclusory fashion that the conditions in segregated housing amounted to "discrimination."  (Compl. at 5.)  It is possible that by referencing alleged discrimination, Chandler intended to assert an equal protection claim against Defendants.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216

(1982)).  To state an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class."  *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)).  Chandler asserts only that the conditions of his confinement in segregated housing amounted to "discrimination."  (Compl. at 5.)  He provides no other factual content that would allow the Court to draw a reasonable inference that he endured the conditions in segregated housing due to his membership in a protected class and that the discrimination was intentional.  *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Therefore, to the extent Chandler asserts an equal protection claim, the claim will be dismissed.

### D.      Clean Air Act Claims

Finally, Chandler asserts claims under the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, alleging that his indoor recreation time "in a cage" violated the Act.  (Compl. at 5.)  However, Chandler does not have a viable claim because plaintiffs do not have a private cause of action under the Clean Air Act and cannot assert a claim under the Act using § 1983.  *See Wright v. City of Philadelphia*, No.10-1102, 2015 WL 894237, at *15 (E.D. Pa. Mar. 2, 2015); *Powell v. Lennon*, 914 F.2d 1459, 1462 n.7 (11th Cir. 1990) ("Because there is not any private right of action under the Clean Air Act, . . . plaintiff's position lacks merit."); *Dval v. Cardigan*, No. 17-1284, 2020 WL 1332030, at *15 (M.D. Fla. Mar. 23, 2020) ("Plaintiff does not have a private cause of action under the federal Clean Air Act, 42 U.S.C. § 7401, *et seq.*"); *Robbins v. Jordan*, No. 14-95, 2014 WL 1314939, at *4 (M.D. Ga. Mar. 31, 2014) ("The Act does not authorize a

private cause of action for damages when a prisoner alleges that he was exposed to contaminants which caused respiratory problems."). Accordingly, Chandler's claims asserted under the Clean Air Act will be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Chandler leave to proceed *in forma pauperis*, and dismiss his Complaint in part with prejudice and in part without prejudice. His claims asserted under the Clean Air Act are dismissed with prejudice. The balance of the Complaint is dismissed without prejudice. The Court will permit Chandler an opportunity to file an amended complaint in the event he can address the defects the Court has noted as to his claims that were dismissed without prejudice. An appropriate order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**